IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HECTOR GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION |
| UNITED PROPERTY & CASUALTY | § | NO.:_____ |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant United Property & Casualty Insurance Company ("UPC" or "Defendant") file its Notice of Removal to the United States District Court for the Southern District of Texas, McAllen Division and respectfully shows:

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

1.1   On April 10, 2018, Plaintiff Hector Garcia ("Plaintiff") filed this lawsuit in Hidalgo County, Texas against United Property & Casualty Insurance Company.

1.2   Plaintiff served UPC with a copy of the Original Petition on April 16, 2018. Plaintiff made a jury demand in his Original Petition.

1.3   UPC files this notice of removal within 30 days of receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

1.4     All process, pleadings, and orders in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).  A copy of this Notice is also concurrently being filed with the state court and served upon Plaintiff.

1.5     As required by 28 U.S.C. § 1446(a), and Rule 81 of the Local Rules for the United States District Court of the Southern District of Texas, the following is attached to this Notice of Removal:

>   **Exhibit A:**   Index of Matters Being Filed
>
>   **Exhibit B:**   Case Summary Sheet
>
>   **Exhibit C:**   Plaintiff's Original Petition
>
>   **Exhibit D:**   Citation for United Property & Casualty Insurance Company
>
>   **Exhibit E:**   Return of Service of Citation for United Property & Casualty Insurance Company
>
>   **Exhibit F:**   Defendant United Property & Casualty Insurance Company's Original Answer to Plaintiff's Original Petition
>
>   **Exhibit G:**   List of Parties and Counsel

1.6     Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Hidalgo County, Texas, the place where the removed action has been pending.

## II.
## BASIS FOR REMOVAL

### A.     Standard for Removal

2.1     Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  A district court has original jurisdiction over a state law

claim where there is complete diversity of citizenship between the parties and where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

2.2    In this case, the United States District Court for the Southern District of Texas—McAllen Division embraces Hidalgo County, Texas, the place where the removed action has been pending. In addition, this Court has original jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, this action is appropriately before this court.

**B.    The Proper Parties Are Of Diverse Citizenship.**

2.3    Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas. UPC was, at the time this action was commenced, and still is, a foreign (Florida) property and casualty insurance company authorized to do business in the State of Texas. UPC is organized under Chapter 982 of the Texas Insurance Code. Because Plaintiff is a citizen of Texas and UPC is a citizen of Florida, complete diversity of citizenship exists among the parties.

**C.    The Amount in Controversy Exceeds $75,000.00.**

2.4    This is a civil action in which the amount in controversy likely greatly exceeds $75,000.00. Notably, Plaintiff has failed to make a pre-suit demand and has failed to identify a specific amount of damages in his Original Petition, besides generally stating that the amount sought is under the jurisdictional limits. However, it is clear from the causes of action asserted, the types of damages sought (including treble damages), and the potential limits of the policy that the amount in controversy greatly exceeds $75,000.00.

2.5    Plaintiff alleges that UPC is liable under a residential insurance policy because Plaintiff made a claim under that policy and UPC wrongfully adjusted Plaintiff's claim. Plaintiff seeks "all damages from and against Defendant that may reasonably be established by a

preponderance of the evidence, and that Plaintiff may be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show herself to be justly entitled." **Exhibit C** at 7.

2.6 Plaintiff's Original Petition states that "all elements of damages do not exceed the sum of $74,999." *Id.* at 2. Attached to Plaintiff's Original Petition is a "Stipulation of Damages" that is signed by his attorney. *Id.* at 19. The Stipulation of Damages states that the total damages sought by Plaintiff do not exceed $74,999.00 exclusive of interest and costs and Plaintiff's counsel "will refuse to execute on the amount exceeding $74,999.00." *Id.*

2.7 Although the express allegations, including the stipulation, contained in Plaintiff's Original Petition assert that the amount in controversy is not within the jurisdictional limits of this Court, "[t]he inquiry . . . does not end merely because the plaintiff alleges damages below the threshold[.]" *See DeAguilar v. Boeing Co.* [hereinafter "*DeAguilar II*"], 47 F.3d 1404, 1410 (5th Cir. 1995); *Tovar v. Target Corp.,* No. Civ.A. SA04CA0557XR, 2004 WL 2283536, at *1 (W.D. Tex. Oct. 7, 2004). To the contrary, when the original petition does not allege a specific amount, a defendant may remove the action by showing based on a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Sanchez v. State Farm Lloyds*, No. 5:15-CV-252, 2016 WL 8650474, at *1 (S.D. Tex. Mar. 10, 2016) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

2.8 There are two ways a defendant can establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). First, a defendant can establish that the amount in controversy exceeds $75,000.00 by demonstrating that it is "facially apparent" from the petition

at issue that the claim likely exceeds $75,000.00. *See Tovar*, 2004 WL 2283536, at *1 (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Second, a defendant can demonstrate that the amount in controversy exceeds $75,000.00 by setting forth the facts in controversy in the removal petition. *See id.*

2.9 Here, UPC can demonstrate that it is facially apparent from Plaintiff's Original Petition and from the facts in the underlying case that the amount in controversy greatly exceeds $75,000.00 regardless of Plaintiff's jurisdictional allegations. In his Original Petition, Plaintiff cites the adjustment of Plaintiff's claim as the basis of his damages. In the initial adjustment, UPC found that there was no damage to the property and did not issue any payment on Plaintiff's claim. While Plaintiff has failed to provide an estimate supporting his claim that there was damage to his property, Plaintiff's policy limits are as follows:

| | | |
|---|---|---|
| A. | Dwelling | $186,000.00 |
| B. | Other Structures | $18,600.00 |
| C. | Personal Property | $74,400.00 |
| D. | Loss of Use | $55,800.00 |

2.10 Clearly, Plaintiff's actual damages, based on the difference in the policy limits and the amount paid ($0), could easily eclipse the $75,000.00 threshold. In addition, Plaintiff alleges causes of action against UPC for breach of contract; violations of the Texas Insurance Code; and violations of the Texas Deceptive Trade Practices Act ("DTPA"). **Exhibit C** at 3-5. In support of these causes of action, Plaintiff alleges numerous other economic remedies, including actual damages, statutory treble damages, punitive damages, statutory 18% penalty interest pursuant to the Texas Insurance Code, as well as his attorneys' fees, pre- and post-judgment interest, and court costs. *Id.* at 5-7. Plaintiff alleges that UPC "knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code." *Id.* at 5. Based on the pleading, and the

sheer amount of damages asserted, the amount in controversy will likely greatly exceed the minimum threshold required for removal.

2.11   Contrary to the attempt by Plaintiff to subvert removal to federal court, the amount in controversy clearly exceeds $75,000.00 based on the face of the Original Petition and the facts at issue in this case. *See Gonzales v. Allstate Vehicle and Property Ins. Co.*, No. 7:15-CV-446, 2015 WL 13189653, at *2 (S.D. Tex. Dec. 4, 2015). Accordingly, removal is appropriate.

### D.  Plaintiff Cannot Show That It Is Legally Certain That He Will Recover Less Than The Jurisdiction Amount.

2.12   If a defendant can show that, by a preponderance of the evidence, the amount in controversy actually does exceed $75,000.00, the plaintiff, then, must show that it is legally certain that he will not be able to recover more than the damages he prays for in the state court complaint. *De Aguilar II*, 47 F.3d at 1412. In *De Aguilar II*, the Fifth Circuit affirmed that the Plaintiff has an obligation to show that it is a "legal certainty" that the amount in controversy is below the jurisdictional threshold. *Id.* The Fifth Circuit then "speculate[d], without intimating how [it] might rule in such case" that the Plaintiff "must file a binding stipulation." *Id.*

2.13   Like the instant case, plaintiffs regularly cite this case as a method to "deprive the Court of jurisdiction." *See Solis v. HSBC Bank USA*, No. 7:13-CV-640, 2014 WL 12528020, at * 2 (S.D. Tex. Apr. 8, 2014). However, this Court has, on several occasions, correctly ruled that plaintiffs' reliance on this tactic fails for two reasons. *See e.g.*, *Crixell v. Fidelity Nat'l Ins. Co.*, No. 7:14-CV-169, 2014 WL 12605586, at *1-2 (S.D. Tex. Mar. 19, 2014); *Solis*, No. 7:13-CV-640, 2014 WL 12528020, at * 2. First, "the cited passage is merely dicta a fact highlighted by the *De Aguilar [II]* Court's preceding qualification that 'we can only speculate without

intimating how we might rule in such a case.'" *Solis*, No. 7;13-CV-640, 2014 WL 12528020, at *2 (quoting *De Aguilar II*, 47 F.3d at 1412).

2.14 Second, "binding stipulations" like the type attached to Plaintiff's Original Petition, here, are not sufficient as a matter of Texas law. *Id.* As this Court has previously acknowledged:

> A stipulation constitutes a contract between the parties, and between the parties and the court; as such, it is binding upon the court as well as the parties.

*Crixell*, No. 7:14-CV-169; 2014 WL 12605586, at *2 (quoting *Fed. Lanes, Inc. v. City of Houston*, 905 S.W.2d 686, 689 (Tex. App.—Houston [1st Dist.] 1995). Therefore, there are "serious doubts" about the binding effect of a stipulation to which only the Plaintiff—and not the Defendant or the trial court—agreed. *Id.*; *see also Rodriguez v. Allstate Texas Lloyds*, No. 7:16-CV-00498, 2016 WL 6080521, at *2, n. 34 (S.D. Tex. Oct. 17, 2016) ("ignoring" Plaintiffs' attached stipulation because, *inter alia*, it was not signed by Defendant's counsel) ("Cognizable stipulations tend to involve both parties.").

2.15 Here, Plaintiff did not ask and UPC did not agree to Plaintiff's "binding stipulation." As such, this "binding stipulation" is merely a unilateral attempt by the Plaintiff to circumvent the otherwise proper jurisdiction of this Court.

2.16 While there has been no specific demand made by Plaintiff, the causes of action asserted and the damages sought clearly show that the amount in controversy is well in excess of $75,000.00. Plaintiff's stipulation is merely an attempt by the Plaintiff to "sue over a mountain but stipulate that it is a molehill," in order to avoid federal jurisdiction. *See Solis v. HSBC Bank USA*, 584 Fed.Appx. 222, 223 (5th Cir. 2014) (mem. op.), *aff'g Solis*, No. 7:13-CV-640, 2014 WL 12528020. Accordingly, removal based on diversity jurisdiction is proper.

## III.
## CONCLUSION AND PRAYER

3.1     All requirements are met for removal under 28 U.S.C. §§ 1332, 1441 and 1446. Accordingly, Defendant United Property & Casualty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda Thompson
**RHONDA J. THOMPSON, ATTORNEY-IN-CHARGE**
rthompson@thompsoncoe.com
State Bar No. 24029862
Southern District No.: 17055
**DREW A. JONES**
drew.jones@thompsoncoe.com
State Bar No. 24083269
Southern District No.: 2078317

THOMPSON, COE, COUSINS & IRONS, LLP.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:   (214) 871-8209

**COUNSEL FOR DEFENDANT
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by electronic notice and/or facsimile to the following counsel on May 16, 2018:

Jose Gonzalez
LAW OFFICE OF JOSE G. GONZALEZ
2102 W. University Dr.
Edinburg, Texas 78539
Telephone: (956) 383-2143
Facsimile:  (956) 383-2147

/s/ Rhonda Thompson
Rhonda Thompson